### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

| | | |
|---|---|---|
| **CHARLIE BAKER INC.,** | ) | |
| **Charles Wesley Baker, Auth. Rep.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:13 CV 21 JM** |
| | ) | |
| **WELLS FARGO BANK,** *et al.,* | ) | |
| | ) | |
| **Respondents.** | ) | |

### OPINION and ORDER

Charles W. Baker (as the document is signed) filed, *pro se*, an "Amended Petition for Writ of Habeas Corpus Ad Subjiciendum," which purports to be a habeas petition brought under 28 U.S.C. § 2241. (DE # 2.) The document contains nonsensical assertions, including that Congress has granted Baker (or CHARLIE BAKER INC.) the "international right" to "transfer energy, funds, and personal property from out of the United States Department of Treasury into his private corporation account, as a fixture filer, dba TRANSMITTING UTILITY PIPELINE . . . " (*Id.* at 3.) These incomprehensible statements aside, the crux of Baker's claim appears to be that Wells Fargo Bank improperly refused to honor a $10 billion check he tendered and then closed an account he opened in the name of his corporation, CHARLIE BAKER INC. (*Id.* at 3-4, 10.)

This claim cannot be brought in a habeas petition under 28 U.S.C. § 2241; that vehicle can only be used by persons "in custody" pursuant to the authority of the United States who are challenging the lawfulness of their detention. 28 U.S.C. § 2241(c). "In custody" means that one's physical liberty or movement is being significantly

restrained. *Virsnieks v. Smith,* 521 F.3d 707, 717-18 (7th Cir. 2008). A dispute with a private bank over a check would not fall into this category.

In addition, to the extent that Baker is attempting to file the petition/complaint on behalf of a corporate entity named CHARLIE BAKER INC., it is beyond question that corporations may only be represented in federal court by a licensed attorney. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Mendenhall v. Goldsmith*, 59 F.3d 685, 687 n.1 (7th Cir. 1995). Baker does not appear on the Indiana Supreme Court's Roll of Attorneys and neither is he a member of this court's bar. Thus, he cannot represent CHARLIE BAKER, INC. in this court.

What's more, Baker is a restricted filer who cannot bring any new civil cases until he pays an outstanding fine imposed by the United States Court of Appeals for the Seventh Circuit. *See Baker v. United States*, No. 03-3450 (7th Cir. order dated Nov. 18, 2003). The sanction was imposed due to Baker's incessant, frivolous filings over the course of several years, including a mislabeled 28 U.S.C. § 2241 petition. *Id.* at 1. It appears Baker is attempting to evade the Circuit's order by labeling this suit against a private bank as a habeas corpus petition. This he cannot do. This action will be dismissed, and Baker is admonished that future filings which attempt to evade the restriction imposed by the Circuit may result in the imposition of additional sanctions.

For these reasons, the "Amended Petition for Writ of Habeas Corpus Ad Subjiciendum" (DE # 2) is **DISMISSED**. This dismissal is without prejudice to any

2

claim CHARLIE BAKER INC. may have, as Baker lacks the authority to represent the corporation in this court.

**SO ORDERED.**

Date: February 7, 2013

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT